UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

SAUNDRA V. WHITE,

                                  Plaintiff,

    v.                                                 5:11-CV-1098
                                                           (GTS/ATB)

CITY OF SYRACUSE, *et al.*,

                                  Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

SAUNDRA V. WHITE
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court a civil rights complaint, together with an application to proceed *in forma pauperis* (IFP), filed by *pro se* plaintiff, Saundra V. White.[1] (Dkt. Nos. 1, 3).

**I.**    *In Forma Pauperis* **(IFP) Application**

A review of plaintiff's IFP application shows that plaintiff alleges that she is not employed and is currently receiving disability-related payments. (Dkt. No. 3 at 2). Based on a review of plaintiff's application, this court finds that plaintiff meets the financial criteria for proceeding without the payment of fees.

---

[1] The court notes that this is plaintiff's fifth complaint, filed in the Northern District of New York. All of plaintiff's other complaints have been dismissed, and the cases have been closed. *See White v. Verison*, 5:06-CV-617 (closed Oct. 15, 2009) (complaint dismissed on motion for summary judgment, in part because plaintiff wilfully failed to admit or deny defendant's factual assertions and because of the statute of limitations); *White v. Wackenhut Security Contractor*, 5:07-CV-349 (closed Aug. 21, 2007) (dismissed *sua sponte* after plaintiff afforded an opportunity to amend); *White v. Monarch Pharmaceuticals, Inc.*, 5:07-CV-585 (closed Jan. 17, 2008) (dismissed *sua sponte* under section 1915(e) for failure to state a claim); and *White v. St. Joseph's Hospital*, 5:07-CV-1286 (closed May 7, 2008) (dismissed *sua sponte* under section 1915(e)(2)(B)(ii) for failure to state a claim).

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).  The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.    Complaint

Plaintiff states that a Central New York Regional Transportation Authority ("Centro") bus driver lowered a "forklift" on plaintiff, and he did not realize that he had done so until plaintiff alerted him to this fact. (Compl. ¶ 3).  Plaintiff states that she sought medical care from physicians, "who established . . . that an injury had occurred." (*Id.*)  Plaintiff claims that the bus driver acknowledged "mistake" and offered plaintiff a "scratch paper" so that she could write an "account of [the] injury," but did not provide plaintiff with a carbon copy for herself.  Plaintiff states that she asked Centro for accident report "forms," but that the company did not respond, despite a written request. (*Id.*)

Plaintiff claims that her First, Second, and Fourteenth Amendment rights have been violated because defendants deprived her of "life, liberty and the pursuit of happiness." (Compl. ¶ 4(a)).  Plaintiff states that this incident has caused her "pain . . . suffering . . . and emotional trauma . . . requiring the expenditure of money for treatment." (Compl. ¶ 4(b)).  Plaintiff also seems to be alleging some sort of Equal Protection violation in that she states that she was denied "[f]reedom from injury and being treated differently because of an existing disability." (Compl. ¶ 5(b)).  She also states that her injuries were the result of "policies and customs of Centro . . . City of

3

Syracuse and County of Onondaga." (Compl. ¶ 3). She seeks damages for the violation of these constitutional rights.

### III. Section 1983

#### A. Legal Standards

In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct was attributable, at least in part, to a person or entity acting under color of state law, and that the challenged conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d. Cir. 2010), *cert. denied sub nom. Cornejo v. Monn*, 131 S. Ct. 158 (2010); *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). The plaintiff must also allege that the defendant was personally involved in the conduct causing the constitutional violation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted).

When a plaintiff bases her claims on municipal liability, plaintiff must allege a direct causal link between a municipal "policy or custom" and the alleged violation. *Bender v. City of New York*. No. 09 Civ. 3286, 2011 WL 4344203, at *13 (S.D.N.Y. Sept. 14, 2011) (citing *Bohmer v. New York*, 2011 WL 2651872, at *3 (S.D.N.Y. June 16, 2011)). "'[B]oilerplate assertions that a municipality has a custom or policy resulting in a constitutional deprivation of plaintiff's rights are insufficient.'" *Id.* (quoting *Bohmer, supra*). The policy must be the "moving force" behind the constitutional violation. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (internal quotations omitted).

A municipality may not be found liable simply because one of its employees committed a tort. *Brown*, 520 U.S. at 403. Plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal connection between the municipal action and the deprivation of federal rights. *Id.* Where the plaintiff claims that the municipality has not directly inflicted an injury, but has "caused" an employee to do so, "rigorous standards of culpability and causation must be applied" so that the municipality is not held liable solely for the actions of an employee. *Brown*, 520 U.S. at 405.

**B.    Application**

    **1.    Color of State Law**

It is well-settled that defendants City of Syracuse and Onondaga County, as municipalities, act under color of state law for purposes of section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Zherka v. DiFiore*, 412 Fed. Appx. 345, 348 (2d Cir. 2011). Although the analysis is a bit more complicated for Centro, for purposes of this recommendation, the court will assume that Centro also acts under color of state law because Centro's members are counties.[2]

---

[2] The court notes that Cento's website states that the "current membership of the [Central New York Regional Transit Authority] consists of the counties of Onondaga, Oneida, Cayuga, and Oswego." http://www.centro.org/aboutus.aspx. In *Thrall v. CNY CENTRO, Inc.*, Senior Judge Neal P. McCurn assumed without analysis that Centro acted under color of state law when he determined that a Union did not act under color of state law because there was insufficient evidence of conspiracy with Centro. *Thrall v. CNY CENTRO, Inc.*, No. 5:09-CV-567, 2011 WL 743746, at *4 (N.D.N.Y. Feb. 23, 2011). A private entity may act under color of state law if it acted in concert with a state actor. *Id.* Plaintiff in *Thrall* made no claim that the Union or another individual defendant "conspired with Centro to violate his constitutional rights." *Id.* Thus, without specifically stating the fact, Judge McCurn found that Centro was a state actor.

### 2. Municipal Liability

Although plaintiff makes a completely conclusory statement that her injuries were the result of policies and customs of Centro, the City of Syracuse, and Onondaga County, plaintiff sets forth absolutely no basis for this statement. In addition, the facts as stated in the complaint do not even lead to a plausible inference that a policy or custom of any supervisor, company, or municipality was responsible for the plaintiff's accident. As stated above, such "boilerplate" accusations are insufficient to state a claim of municipal liability.[3] Thus, plaintiff's claims may be dismissed as against the City of Syracuse and Onondaga County.

### 3. Centro

Centro is not a "municipality," although its members are municipalities; however, the same rationale applies to dismiss any civil rights claims against Centro. *Respondeat superior* is not an acceptable basis for liability under section 1983, regardless of whether the defendant is a municipality or an individual. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In her complaint, plaintiff simply states that on an unspecified date, a Centro bus driver lowered a "forklift"[4] on plaintiff, and that plaintiff had to alert him that she was pinned underneath. (Compl. ¶ 3). Holding

---

[3] This assumes that the City of Syracuse is even involved in Centro. Although it is unnecessary to this court's recommendation, the City of Syracuse is not one of Centro's members and would therefore, not be responsible for the actions of a Centro employee. http://www.centro.org/aboutus.aspx.

[4] The court assumes that plaintiff means a *wheelchair* lift that is often attached to buses that transport handicapped individuals.

Centro liable for such an incident would constitute a finding of *respondeat superior*. Thus, plaintiff's claims may be dismissed in their entirety.

### 4.   Constitutional Violation

Although not necessary to the court's recommendation, there is an alternate basis for dismissal of this action. Negligence does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). *See also Catanzaro v. Weiden*, 188 F.3d 56, 62 n.3 (2d Cir. 1998) (citing the general proposition that negligence can not constitute a due process violation). Plaintiff states that the bus driver pinned plaintiff under the "forklift" and "acknowledged mistake." (Compl. ¶ 3). No interpretation of plaintiff's statement supports a constitutional claim under those circumstances. The fact that Centro refused to give plaintiff an accident report form certainly does not qualify as a constitutional violation. This case is essentially an attempt at bringing a personal injury action against Centro in federal court. The law does not support such an action.

Although plaintiff also states that she was "treated differently because of an existing disability," there is no basis for this conclusory statement. The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).

In this case, at worst, plaintiff is complaining about an incident that happened

while she was either getting on or off a Centro bus.  Plaintiff does not allege what disability she has or how she was treated differently because of her disability.  In fact, there is no indication that she was treated "differently" than anyone else, regardless of classification.  Thus, to the extent that plaintiff's complaint can be read to allege an "equal protection" claim, it may also be dismissed.

### IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once,  however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and she would still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and it is further

**RECOMMENDED**, that if the District Court adopts this recommendation, the court further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 21, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge