UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAUNDRA V. WHITE,

                             Plaintiff,

                                                                    5:11-CV-1098
v.                                                          (GTS/ATB)

CITY OF SYRACUSE, Acting as Municipality;
COUNTY OF ONONDAGA, Acting as Municipality;
and CENTRO TRANSPORTATION SERVICE,

                             Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

SAUNDRA V. WHITE
  Plaintiff, *Pro Se*
P.O. Box 7221
Syracuse, New York 13261

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this civil rights action filed by Saundra V. White ("Plaintiff") against the three above-captioned entities pursuant to 42 U.S.C. § 1983 based on personal injuries she sustained when a Centro bus driver "lowered a forklift on Plaintiff," is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) based on each of two alternative grounds: (1) the failure to allege facts plausibly suggesting that her personal injuries resulted from any of Defendants' policies or customs; and in the alternative (2) the failure to allege facts plausibly suggesting any violation other than simple negligence, which is not actionable under 42 U.S.C. § 1983 (and the failure to allege facts plausibly suggesting that she was intentionally treated differently because of her

disability). (Dkt. No. 4.) In response to the Report-Recommendation, Plaintiff has filed Objections that, construed with the utmost of special liberality, challenge each of the two alternative grounds for dismissal recommended by Magistrate Judge Baxter. (Dkt. No. 6.)

Based upon a careful review of the entire file in this action, including a *de novo* review Magistrate Judge Baxter's Report-Recommendation to, the Court adopts Magistrate Judge Baxter's Report-Recommendation for the reasons stated therein. (Dkt. No. 4.) The Court would add only three points.

First, Plaintiff's challenge to the first ground for dismissal recommended by Magistrate Judge Baxter is essentially that the magnitude of the accident alleged plausibly suggests a policy of inadequately training Centro bus drivers, which policy may be substantiated by discovery of "incident reports" of Centro accidents involving wheelchair lifts. (Dkt. No. 6.) The Court rejects this argument based on the law and the factual allegations of Plaintiff's Complaint.[1]

Second, Plaintiff's challenge to the first ground for dismissal recommended by

---

[1] *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1995) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell [v. Dep't of Soc. Servs., 436 U.S. 658 (1978) ], unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("[T]he simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury. A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy."); *Sarus v. Rotundo*, 831 F.2d 397, 402 (2d Cir.1987) ("[A]bsent more evidence of supervisory indifference ... a policy may not ordinarily be inferred from a single incident of illegality."); *Fiacco v. City of Rensselaer, N.Y.*, 783 F.2d 319, 327 (2d Cir. 1986) ("Since the existence of a policy of nonsupervision amounting to deliberate indifference to constitutional rights cannot be established by inference solely from evidence of the occurrence of the incident in question, . . . a plaintiff cannot prevail on a § 1983 claim against a municipality without introducing other evidence."); *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980) ("We agree that, absent more evidence of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy could not ordinarily be inferred from a single incident of illegality . . . .").

Magistrate Judge Baxter is essentially that, while negligence is not actionable under 42 U.S.C. § 1983, her claims are asserted also under 42 U.S.C. § 1988, 28 U.S.C. § 1343, and 28 U.S.C. § 1331; in addition, she plans to amend her claims so that they also arise under "federal tort laws" and 42 U.S.C. § 1981. (Dkt. No. 6.) The pleading deficiency identified by Magistrate Judge Baxter with respect to the specter of a Fourteenth Amendment Equal Protection claim raised by Plaintiff (Dkt. No. 4, at 7-8) also applies to the specter of a 42 U.S.C. § 1981 discrimination claim raised by Plaintiff: she has failed to allege facts plausibly suggesting that she was intentionally treated differently because of her disability. The remaining statutes invoked by Plaintiff do nothing to rescue either of her claims from dismissal, given the pleading defects identified by Magistrate Judge Baxter.

Third, the Court agrees with Magistrate Judge Baxter that the Court need not *sua sponte* afford Plaintiff leave to amend her Complaint in this action before dismissal for each of two alternative reasons: (1) the amendments that Plaintiff (vaguely) proposes in her Objections are futile, and the Court can imagine no set of fact consistent with the factual allegations of Plaintiff's Complaint that would give rise to any other violation of either 42 U.S.C. § 1983 or 42 U.S.C. § 1981 (or 42 U.S.C. § 1988); and (2) in any event, leave to amend should be denied to Plaintiff based on her demonstrated lack of good-faith in attempting to bring actionable lawsuits, which is evident not simply from the four cases cited by Magistrate Judge Baxter in footnote 1 of his Report-Recommendation, but also from *White v. Bell Atlantic*, 00-CV-1220, Judgment (N.D.N.Y. Sept. 27, 2002) (Munson, J.) (*sua sponte* dismissing plaintiff's employment civil rights action for failure to file amended complaint asserting a viable claim), and *White v. United States of America*, 07-CV-0586, Judgment (N.D.N.Y. June 8, 2007) (Scullin, J.) (*sua sponte* dismissing plaintiff's employment civil rights action for failure to file amended complaint

asserting a viable claim).

Plaintiff is cautioned that, should she continue to abuse the litigation process in this District, she will be directed to show cause as to why the Court should not issue an Order barring her from filing any future *pro se* actions in this Court without first obtaining leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** with **prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk's Office is directed to close this action.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated:   January 27, 2012
        Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

4